IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

**CHARMISA PALMER**
1306 Palmer Road
Fort Washington, Maryland 20744

    Plaintiff,

v.

**AUDI OF AMERICA, INC.**
2200 Ferdinand Porsche Drive
Herndon, Virginia 20171

**Serve:**
   Corporation Service Company
   Bank of America Center
   1111 East Main Street
   Richmond, Virginia 23219

And

**VOLKSWAGEN GROUP OF AMERICA, INC.**
2200 Ferdinand Porsche Drive
Herndon, Virginia 20171

**Serve:**
   Corporation Service Company
   Bank of America Center
   1111 East Main Street
   Richmond, Virginia 23219

And

**XL INSURANCE OF AMERICA, INC.**
70 Seaview Avenue
Stamford, Connecticut 06902

**Serve:**
   Thomas C. Palmer, Jr.
   Brault Palmer Grove Steinhilber &
   Robbins LLP
   3554 Chain Bridge Road, Suite 400
   Fairfax, Virginia 22030

Civ. No.: CAL14-22131

RECEIVED
EXTON LEGAL
SEP 16 2014
Barb Brown

Served 9/10/14 @ 2:25 PM

**Defendants.**

---

### COMPLAINT
### (Declaratory Judgment)

**COMES NOW** the Plaintiff, Charmisa Palmer, by and through her attorneys, Ronald A. Karp, Esq., Zachary King, Esq. and the law firm of Karp Frosh Wigodsky & Norwind, P.A., and her Declaratory Judgment action against the Defendants, Audi of America, Inc., Volkswagen Group of America, Inc., and XL Insurance America, Inc., respectfully represents to this Honorable Court as follows:

1. This is an action for declaratory judgment pursuant to § 3-406 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, for the purpose of determining a question of actual controversy between the parties, as hereinafter more fully appears.

2. At all times hereinafter mentioned, Plaintiff Charmisa Palmer was and still is a resident of the State of Maryland.

3. At all times hereinafter mentioned, Defendant Audi of America, Inc., was and still is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business in Herndon, Virginia. Upon information and belief, Defendant Audi of America, Inc. owns and operates an Audi dealership in Tysons Corner, located at 8598 Leesburg Pike, Vienna, Virginia 22182.

4. At all times hereinafter mentioned, Defendant Volkswagen Group of America, was and still is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business in Herndon, Virginia. Upon information and belief, Defendant Volkswagen Group of America has a business relationship with Defendant Audi of America, Inc.

5. At all times hereinafter mentioned, Defendant XL Insurance America, Inc., was and still is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut.

6. Defendant XL Insurance America, Inc. issued an insurance policy to Defendant Audi of America, LLC, which provided liability coverage subject to a limit of liability of $2,000,000. The policy was effective from July 1, 2012 to July 1, 2013. The policy number is RAD9437586. The policy is attached as Exhibit 1.

7. The policy at issue (hereinafter "XL policy") provides liability coverage for vehicles loaned by the Audi dealership in Tysons Corner, Virginia. These loaner or replacement vehicles are provided to drivers whose primary vehicle is being repaired at the dealership.

8. On March 13, 2013, Clinton White received a loaner vehicle from Audi of Tysons Corner. Mr. White signed a loaner agreement, attached as Exhibit 2.

9. On March 18, 2013, Mr. White's daughter, Ashley White, was driving the loaner vehicle. Plaintiff Charmisa Palmer was a passenger in the vehicle. Ms. Palmer is a resident of Maryland and not a signatory to any document in this case relied upon by Defendants, including the Audi loaner agreement.

10. While Ashley White and Charmisa Palmer were traveling on I-495, Ms. White lost control of the vehicle and crashed into the guard wall at full speed. Plaintiff Charmisa Palmer was seriously injured in the accident.

11. Plaintiff Charmisa Palmer made a claim on the XL policy. Defendants have denied coverage for Ms. Palmer's claim.

12. Defendants have asserted that Ms. Palmer's claim is barred because Ashley White was not a permissive user of the loaner vehicle because she was not 21 years old.

13. Plaintiff Charmisa Palmer maintains that coverage does exist under the XL policy.

14. Even though Ashley White may not have been a permissive user of the loaner vehicle, Maryland case law and public policy requires that Defendants provide coverage. *See, e.g., Enterprise Leasing Co. v. Allstate Insurance Co.*, 341 Md. 541 (1996).

15. Maryland law provides that an insurance policy such as the XL policy at issue is considered a "secondary" policy. *See* Md. Transp. § 18-102 ("Certification of security prerequisite to registration):

(a) In general. –

(1) The Administration may not register any motor vehicle, trailer, or semitrailer to be rented until the owner of the vehicle certifies to the satisfaction of the Administration that the owner has security for the vehicle in the same form and providing for the same minimum benefits as the security required by Title 17 of this article for motor vehicles.

(2) (i) In this paragraph, "replacement vehicle" means a vehicle that is loaned by an auto repair facility or a dealer, or that an individual rents temporarily, to use while a vehicle owned by the individual is not in use because of loss, as "loss" is defined in that individual's applicable private passenger automobile insurance policy, or because of breakdown, repair, service, or damage.

(ii) Subject to subparagraph (iii) of this paragraph, an owner of a replacement vehicle may satisfy the requirement of paragraph (1) of this subsection by maintaining the required security described in § 17-103 of this article that is secondary to any other valid and collectible coverage and that extends coverage to the owner's vehicle in

amounts required under § 17-103(b) of this article while it is used as a replacement vehicle.

**(iii) If an owner of a replacement vehicle provides coverage as provided under subparagraph (ii) of this paragraph, the agreement for the replacement vehicle to be signed by the renter or the individual to whom the vehicle is loaned shall contain a provision on the face of the agreement, in at least 10 point bold type, that informs the individual that the coverage on the vehicle being serviced or repaired is primary coverage for the replacement vehicle and the coverage maintained by the owner on the replacement vehicle is secondary.** *(Emphasis added).*

16. The loaner agreement at issue does not contain the language required under Md. Transp. § 18-102(a)(2)(iii). Nowhere in the agreement is a provision, in at least 10 point bold type, indicating that the coverage on the vehicle being serviced is primary and the coverage on the loaner vehicle is secondary.

17. As the loaner agreement failed to inform Mr. White that the XL policy must provide secondary coverage, the loaner agreement should be considered void and unenforceable.

18. Clinton White's primary insurance coverage, through GEICO, is only $30,000. This amount of coverage is not enough to cover Plaintiff Charmisa Palmer's extensive injuries. Therefore the coverage provided by the XL policy should apply to cover the bulk of Plaintiff's damages.

19. Maryland law should apply in this case because there is a strong public policy interest in ensuring that any Maryland driver, including a Maryland driver who is not expressly permitted to operate a rented or loaned motor vehicle, is covered by insurance. Here, there is a

$2,000,000 liability insurance policy available which covered the car in which Plaintiff was a passenger, however Defendants are trying to deprive this seriously injured victim of that coverage on the basis of a technicality in a "loaner agreement" she never signed and which agreement does not comply with Maryland law and finally, which is contrary to the public policy of Maryland.

20. Thus, there exists an actual controversy of a practicable issue between the parties within the jurisdiction of this Court involving the rights and liabilities of the parties under a contract or policy of insurance, which controversy may be determined by a judgment of this Court.

21. GEICO has offered its policy limits on the White vehicle in question ($30,000). Whether the Two Million dollars in coverage available under the Audi XL Policy is ultimately considered "primary" or "secondary" it should be deemed applicable excess coverage available to supplement the GEICO policy.

**WHEREFORE,** Plaintiff Charmisa Palmer demands:

1. That this Court determine and adjudicate the rights and liabilities of the parties with respect to the subject policy of automobile insurance.

2. That this Court find and declare that Plaintiff Charmisa Palmer is covered under the XL policy, up to the full amount of the policy limits, assuming her damages justify payment of the entire liability policy.

3. That this Court find and declare that Defendants are required to provide liability coverage to Plaintiff Charmisa Palmer, in excess of the $30,000 GEICO policy that has been offered.

4. That this Court award to Plaintiff the costs of these proceedings.

5. That this Court award to Plaintiff such other and further relief as in law and justice she may be entitled to receive.

Respectfully submitted,

KARP, FROSH, WIGODSKY & NORWIND, P.A.

_____
Ronald A. Karp, Esquire
Zachary King, Esquire
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
(301) 948-3800 – phone
(301) 948-5449 – fax
*Counsel for Plaintiff, Charmisa Palmer*

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

_____
Ronald A. Karp