IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| CHARMISA PALMER, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-14-03189 |
| AUDI OF AMERICA, INC., ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This is an action for declaratory judgment brought pursuant to § 3-406 of the Maryland Uniform Declaratory Judgments Act arising from an insurance coverage dispute between Plaintiff Charmisa Palmer and Audi of America, Inc. ("Audi of America"), Volkswagen Group of America, Inc. ("Volkswagen"), and XL Insurance of America, Inc. ("XL Insurance"). This Memorandum Opinion and accompanying Order address the motion to dismiss filed by Audi of America and XL Insurance (collectively, "Defendants"), ECF No. 9, as well as a motion to strike filed by Defendants, ECF No. 17.[1] *See* ECF No. 9. A hearing is not necessary. *See* Loc. R. 105.6 (Md.). For the reasons stated below, Defendants' motion to dismiss is DENIED.

**I.    BACKGROUND**

On March 13, 2013, Clinton White took his car to be serviced at the Audi dealership in Tysons Corner, Virginia, whereupon he was issued a loaner vehicle. *See* ECF No. 2 at ¶ 8. On

---

[1] As of the date of this Memorandum Opinion and accompanying Order, Palmer has not yet served Defendant Volkswagen. The 120-day period for effecting service has now passed. *See* Fed.R.Civ.P. 4(m). Accordingly, the Court, by separate order, has directed Palmer to show cause as to why the Court should not dismiss Volkswagen from this action for her failure to effectuate service in a timely manner.

March 18, 2013, Mr. White's daughter, Ashley White, was driving the loaner on I-495 when she lost control and crashed into a guardrail. *See id.* at ¶¶ 9, 10. Plaintiff Charmisa Palmer ("Palmer"), who was a passenger in the loaner car, sustained serious injuries in the collision. *See id.* at ¶ 10. As a result of her injuries, Palmer submitted an insurance claim to Mr. White's insurance company, GEICO. *See id.* at ¶ 18. GEICO offered to pay Palmer $30,000 for her injuries, which represented the policy limit for Mr. White's insurance policy. *See id*. This amount, however, was not enough to cover all of Palmer's damages. *See id.* As such, Palmer submitted a claim to Audi of America's insurer, XL Insurance America, who had issued a $2,000,000 insurance policy (the "Policy") to Audi of America. *See id*. at ¶¶ 6, 11. Defendants denied coverage for Palmer's claim because Ashley White, the driver of the vehicle, was not twenty-one (21) years old at the time of the accident, as was required by the loaner car agreement. *See id.* at ¶ 12; *see also* ECF No. 2-2.

Believing that her claim was wrongfully denied, Palmer filed a declaratory judgment action on September 16, 2014 in the Circuit Court for Prince George's County seeking an order that she was covered under the Policy. *See* ECF No. 2. Defendants removed the state action to this Court on October 9, 2014. *See* ECF No. 1. On October 16, 2014, Defendants filed a motion to dismiss Palmer's declaratory judgment action. *See* ECF No. 9. For the reasons stated below, the Court will deny Defendants' motion to dismiss.

## II.     STANDARD OF REVIEW[2]

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The U.S.

---

[2] In resolving Defendants' motion to dismiss, the Court has not considered matters outside the pleadings. The Court will therefore not convert Defendants' motion into one for summary judgment.

Supreme Court has recently clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n. 3 (quoting Fed.R.Civ.P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the Court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678-79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. In so doing, the Court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Generally speaking, however, "a motion to dismiss 'is rarely appropriate in a declaratory judgment action.'" *120 W. Fayette St., LLLP v. Mayor & City Council of Baltimore City*, 413 Md. 309, 355, 992 A.2d 459, 487 (2010) (quoting *Broadwater v. State*, 303 Md. 461, 466, 494 A.2d 934, 936 (1985)). When evaluating a motion to dismiss an action for a declaratory judgment, Maryland courts have advised that:

> Where a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which

> the court may exercise its declaratory power, it is immaterial that the ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree.

*Broadwater*, 303 Md. at 466, 494 A.2d at 936.

When a complaint fails to allege a justiciable controversy, however, a motion to dismiss is proper. *See* Md.Cts. & Jud.Proc. Art., § 3-409(a)(1) (authorizing declaratory judgments only when the complaint establishes that "[a]n actual controversy exists between contending parties"); *Boyds Civic Ass'n v. Montgomery County Council*, 309 Md. 683, 689, 526 A.2d 598, 601 (1987) ("[U]nder the statute, the existence of a justiciable controversy is an absolute prerequisite to the maintenance of a declaratory judgment action."). "A controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded." *Reyes v. Prince George's County*, 281 Md. 279, 288, 380 A.2d 12, 17 (1977). "To be justiciable the issue must present more than a mere difference of opinion, and there must be more than a mere prayer for declaratory relief. Indeed, the addressing of non-justiciable issues would place courts in the position of rendering purely advisory opinions, a long forbidden practice in this State." *Hatt v. Anderson*, 297 Md. 42, 46, 464 A.2d 1076, 1078 (1983) (internal citations omitted). A declaratory relief action that requests adjudication based on facts that have yet to occur or develop lacks ripeness and should be dismissed for failure to allege a justiciable controversy. *See Hickory Point P'ship v. Anne Arundel County*, 316 Md. 118, 130, 557 A.2d 626, 632 (1989) ("Generally, an action for declaratory relief lacks ripeness if it involves a request that the court declare the rights of parties

upon a state of facts which has not yet arisen, or upon a matter which is future, contingent and uncertain." (internal quotation marks and citations omitted)).

## III. DISCUSSION

Defendants contend that Palmer's declaratory judgment action is not ripe and therefore not justiciable because, according to them, Maryland law prohibits "direct action[s] against the defendant tortfeasor's liability insurer until there has been a determination of the insured's liability in the [underlying] tort action." ECF No. 9-1 at 5 (citing *Washington Metro. Area Transit Auth. v. Queen*, 324 Md. 326, 332, 597 A.2d 423, 426 (1991)). Because there has not yet been a "finding of liability or a judgment against Ashley White" (the alleged tortfeasor), Defendants argue that Palmer's declaratory judgment action is premature and must be dismissed. *See* ECF No. 9-1 at 6. Palmer disagrees.

To support their respective positions, both parties rely on *Harford Mutual Insurance Co. v. Woodfin Equities Corp.*, 344 Md. 399, 687 A.2d 652 (1997), which addresses Maryland's policy regarding direct actions by tort claimants against the tortfeasors' insurers. In *Harford*, the court observed that public policy in Maryland "frowns upon the injection of liability insurance in legal proceedings at which the insured defendant's underlying tort liability is being determined." *Id.* at 412, 687 A.2d at 658. The court further explained, however, that Maryland policy *will* allow a tort claimant to litigate separately the issue of insurance coverage, even before obtaining a judgment on the tort claim. *See id.* at 413, 687 A.2d at 659. Specifically, the court held that "prior to any determination in the underlying tort case, the injured claimant ordinarily *may* bring a declaratory judgment action against the tortfeasor's liability insurer to resolve insurance policy coverage disputes which are *separate and independent* from the liability issues in the underlying litigation." *Id.* (emphases added).

5

Here, Palmer did not bring suit against Defendants to resolve their tort liability; rather, she sought a declaratory judgment to resolve an insurance policy coverage dispute. *See* ECF No. 2. Under these circumstances, the issues raised by Palmer's declaratory judgment action are "separate and independent" from the liability issues in any underlying tort action brought against Mr. White or his duaghter. *See Richmond v. Hartford Underwriters Ins. Co.*, 126 Md. App. 166, 171, 727 A.2d 968, 970 (1999) (concluding that issues presented in declaratory judgment action were "independent and separable" from the issues presented in the underlying tort claim where the latter addressed the "negligence of appellant's husband and the extent of appellant's injuries" and the former addressed the claimant's "entitlement to coverage under the liability and uninsured motor vehicle provisions of the policy"). Palmer may therefore seek a declaratory judgment against Defendants to determine coverage under the Policy. *See e.g.*, *Valliere v. Allstate Ins. Co.*, 324 Md. 139, 141, 596 A.2d 636 (1991) (permitting a declaratory judgment action concerning the terms of a tortfeasor's liability insurance policy while the underlying tort lawsuit was pending); *Van Horn v. Atlantic Mut. Ins. Co.*, 334 Md. 669, 641 A.2d 195 (1994) (entertaining the merits of a declaratory judgment regarding the enforceability of a policy held by an alleged tortfeasor before the underlying lawsuit was filed); *Bankers and Shippers Ins. Co. v. Electro Enters., Inc.*, 287 Md. 641, 415 A.2d 278 (1980) (addressing a declaratory judgment ruling on policy coverage disputes brought soon after the underlying tort claim was filed). The Court will therefore deny Defendants' motion to dismiss.[3]

---

[3] Defendants reliance on *Washington Metro. Area Transit Auth. v. Queen*, 324 Md. 326, 597 A.2d 423 (1991) is misguided. In *Queen*, the court concluded that a declaratory judgment action "was not appropriate because issues that were raised there, including scope of employment, were not 'independent and separable' from issues that were raised in the tort suit against the self-insured WMATA." *Howard v. Montgomery Mut. Ins. Co.*, 145 Md. App. 549, 564, 805 A.2d 1167, 1175 (2002). Here, as discussed, the issues raised by Palmer's declaratory judgment action

<_>Finally, Audi of America argues separately that it must be dismissed from this action because "Maryland law does not impute liability to an owner of a vehicle arising solely from ownership." ECF No. 9-1 at 6. This argument, however, goes to Audi of America's liability in a *negligence* action, not to the question of coverage under the Policy. While the Court is skeptical that Audi of America, as the insured under the Policy, has any independent coverage obligations under the Policy, the Court does not believe that this determination should be made on a motion to dismiss a declaratory judgment action. *See Broadwater*, 303 Md. at 466, 494 A.2d at 936.</_>

Finally, Audi of America argues separately that it must be dismissed from this action because "Maryland law does not impute liability to an owner of a vehicle arising solely from ownership." ECF No. 9-1 at 6. This argument, however, goes to Audi of America's liability in a *negligence* action, not to the question of coverage under the Policy. While the Court is skeptical that Audi of America, as the insured under the Policy, has any independent coverage obligations under the Policy, the Court does not believe that this determination should be made on a motion to dismiss a declaratory judgment action. *See Broadwater*, 303 Md. at 466, 494 A.2d at 936.

## IV. CONCLUSION

For the reasons discussed above, the Court will DENY Defendants' motion to dismiss.[4]

Dated: January 13, 2015                                /S/
                                               George Jarrod Hazel
                                               United States District Judge

---

are independent and separable from the issues that would be raised in a tort suit brought against Mr. White or his daughter.

[4] The Court will also deny, as moot, Defendants' motion to strike Exhibit 2 that was attached to Palmer's opposition to Defendants' motion to dismiss, as the Court did not consider that Exhibit in reaching its conclusion.